IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10447
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANK JAMES HAGAN,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CR-57-J(1)
- - - - - - - - - -
December 21, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Frank James Hagan challenges the sentence that the district
court imposed after he pleaded guilty to possession with intent
to distribute approximately 862 grams of cocaine base (crack), in
violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(A).  Hagan asserted
that a proposed amendment to the Sentencing Guidelines that
recommended removing the 100 to 1 disparity in sentences for
crack versus powder cocaine offenses provided an appropriate

_____

    [*]    Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

basis for a downward departure under U.S.S.G. § 5K2.0.  Hagan also asserted that, because the district court did not grant the § 5K2.0 downward departure, it believed it was without authority to depart.

This court lacks jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant a downward departure.  United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).  Jurisdiction will lie if the sentencing court's refusal to depart downward was the result of a violation of the law or a misapplication of the guidelines.  Id.; United States v. Guajardo, 950 F.2d 203, 207-08 (5th Cir. 1991), cert. denied, 503 U.S. 1009 (1992).  A refusal to depart is a violation of law only if the court mistakenly assumed that it lacked the authority to depart.  United States v. Burleson, 22 F.3d 93, 95 (5th Cir.), cert. denied, 115 S. Ct. 283 (1994).

The district court's actions do not suggest that it believed it lacked authority to grant a departure.  At sentencing, the district court imposed a sentence that was thirty-three months below the bottom of Hagan's guideline range.  This court is without jurisdiction to consider Hagan's appeal.  DiMarco, 46 F.3d at 477.  The appeal is DISMISSED.